UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BURROUGHS, INC.,
a Delaware corporation,

      Plaintiff,

v.

PANINI NORTH AMERICA, INC.,
a Delaware corporation,

      Defendant.
_____/

Case No. 12-14804

Hon. John Corbett O'Meara

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, which has been fully briefed. The court heard oral argument on May 16, 2013, and took the matter under advisement. For the reasons explained below, Defendant's motion is denied.

### BACKGROUND

Plaintiff filed this action on October 30, 2012, but waited the serve the complaint in an attempt to resolve the matter through settlement. When negotiations failed, Plaintiff filed an amended complaint in January 2013. On March 12, 2013, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) in lieu of an answer.

Plaintiff is the owner of a patent (6,546,396 or '396) which improves the way that banks and other customers process checks. Patent '396, entitled "Document Processing System with a Multi-Platform Application Programming Interface," relates to a "common software interface that allows a bank's programmers to communicate with and control a variety of different check

-1-

processing machines." Pl.'s Br. at 1.  In the amended complaint, Plaintiff alleges that defendant has engaged in direct and contributory patent infringement.

With respect to direct infringement, Plaintiff alleges that Defendant "has infringed and is still infringing the '396 patent by making, using, importing, selling, and offering to sell document processing systems with multi-application programming interfaces that embody the patented invention." Amended Compl. at ¶ 10.  Specifically, Plaintiff alleges that "Panini makes, uses, sells, offers to sell, and imports the document processing systems such as "VisionX," "MyVisionX," and "I-Deal" using the "Vision API" multi-application programming interface, and these products embody the invention as reflected in the claims of the '396 patent, including but not limited to claims 1-28 and 42." Id. at ¶ 11.

Plaintiff further alleges that Defendant "also infringes by performing the inventive methods claimed in the '396 patent.  Specifically, when Panini's document processing systems such as "VisionX," "MyVisionX," and "I-Deal" operate in conjunction with Panini's "Vision API" multi-application programming interface, Panini directly infringes method claims of the '396 patent, including but not limited to claims 29-41 and 43." Id. at ¶ 12.  Plaintiff alleges that it has given Defendant written notice of the patent and its alleged infringement. Id. at ¶ 13.

With respect to contributory infringement, Plaintiff alleges that "Panini is contributing to the infringement of the '396 patent by, among other things, selling the document processing systems "VisionX," "MyVisionX" and "I-Deal" that include the "Vision API" multi-application interface to Panini's customers who include (for example) the Meijer supermarket chain in the state of Michigan.  Panini's customers directly infringe certain system claims of the '396 patent (claims 1, 14, and 42 for example) when they use these systems in the manner Panini designed

them to be used." Amended Compl. at ¶ 15.

## LAW AND ANALYSIS

### I. Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570.  See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.  See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

### II. Pleading Standard for Patent Claims

Although certain aspects of patent law may be complicated, the pleading requirements for a patent complaint are not.  The Federal Circuit has held that complaints patterned after Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure are sufficient to survive a motion to dismiss. See K-Tech Telecom., Inc. v. Time Warner Cable, Inc., — F.3d —, 2013 WL 1668960 at *5-6 (Fed. Cir. 2013) (noting that "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleading requirements, the Forms control").  Form 18 requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a

statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of the infringement; and (5) a demand for an injunction and damages." Id. (citation omitted).

Plaintiff's first amended complaint is patterned after Form 18 and complies with its requirements. See Amended Compl. at ¶¶ 5 (allegation of jurisdiction); 8 (ownership of patent); 10-12 (statement that defendant is infringing the patent); 13 (written notice of patent and infringement); and "relief requested" (demand for injunction and damages). Defendant's arguments to the contrary seek to impose additional pleading requirements or raise issues more appropriately resolved at the summary judgment stage. Accordingly, the court will deny Defendant's motion to dismiss.

## ORDER

IT IS HEREBY ORDERED that Defendant's March 12, 2013 motion to dismiss is DENIED.

s/John Corbett O'Meara<br>
United States District Judge

Date: May 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 22, 2013, using the ECF system.

s/William Barkholz<br>
Case Manager